IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD PATRICK HORTON                                              PLAINTIFF

V.                           CASE NO. 5:17-cv-05146

TRANSPORT DEPUTY SIMER;
LIEUTENANT R. HOLT; SERGEANT
WHITNEIGH GUENTHER; DEPUTY
K. COGDILL; DEPUTY Z. JOHNSTON,
Transport Supervisor; and JOHN DOE
TRANSPORT DEPUTY, Pulaski County
Regional Detention Center                                           DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Richard Patrick Horton, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is currently incarcerated in the Benton County Detention Center ("BCDC"). The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on January 16, 2017, the Plaintiff bonded out of the BCDC. He was arrested on January 18, 2017, in Benton County, on failure to appear charges arising out of Pulaski County, and was transported there. On February 7, 2017, Plaintiff alleges that he was in the process of bonding out, with his

-1-

bondsman actually at the Pulaski County Jail, when Defendant Simer, a Benton County Deputy, arrived to transport him back to the BCDC on a "pick up" order. Plaintiff alleges he asked the officers if they were refusing to allow him to bond out. In response, Plaintiff states he was told by both Defendant Simer and the Pulaski County transport deputy, that he could not bond out and had to be transported to the BCDC.

When they arrived at the BCDC, Plaintiff alleges he immediately confronted Defendant Cogdill asking why he had been transported there, under whose authority, and what probable cause existed. Defendant Cogdill replied that a pick up order had been issued by Judge Green. Since he was technically free on bond on his Benton County charges, Plaintiff alleges he asked Defendant Cogdill who had initiated the pick up order. According to Plaintiff, Defendant Cogdill implied that the Benton County Sheriff's Office had initiated it since Plaintiff had "trouble showing up to court." When Plaintiff asked about being released since his bond had been paid in Pulaski County, Plaintiff states he was told that he had to remain in jail until his court appearance on February 9, 2017.

When Plaintiff returned from court on February 9, 2017, he asked Defendant Guenther if he was going to be transported back to Pulaski County. Plaintiff alleges Defendant Guenther advised him that he was being held on an Arkansas Department of Correction ("ADC") hold. Plaintiff alleges he told Defendant Guenther that it was not possible because he was not on probation or parole and had not been in the ADC since 1992.

On February 10, 2017, Plaintiff submitted a grievance regarding having been picked up from Pulaski County. Defendant Holt responded saying the prosecuting attorney's office had received a pick up order signed by a judge. That same day, Plaintiff submitted

a request to the transport division asking if he was going to be taken back to Pulaski County. Defendant Johnston responded that Plaintiff would go back as soon as possible, but not that weekend. (Doc. 9, p 1).

Plaintiff submitted another request to the transport division on February 10, 2017, stating that he had been told he was being held on an ADC hold but had not been in the ADC since 1992. *Id.* Defendant Johnston replied that the ADC hold was in error and had been corrected. *Id.* Plaintiff then alleges that the Defendants allowed him to remain incarcerated from February 7, 2017, until February 14, 2017. Plaintiff maintains their actions deprived him of his freedom. As relief, Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The claims against the transport deputies, Defendant Simer and the John Doe Transport Deputy (Pulaski County), are subject to dismissal. The deputies believed their

actions were based on a pick up order entered by Judge Green.

In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law."

*Id.* at 145-46. Unless an officer has reason to question the validity of a court order, he may take action in reliance on it. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)(officials are entitled to quasi-judicial immunity for "acts they are specifically required to do under court order or at a judge's discretion"); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (non-judicial officials have absolute immunity in executing a facially valid court order); *cf., Malley v. Briggs*, 475 U.S. 335 (1986) (officer cannot rely on a search warrant to shield himself from liability if he knows the warrant is invalid). Plaintiff makes no allegation that the court order relied on by the transport deputies was invalid or that the transport deputies had reason to question the validity of the order.

The wrongful detention claims based on Plaintiff's incarceration from February 7, 2017, to February 9, 2017, are subject to dismissal for the same reason. The Defendants were acting pursuant to the order entered by Judge Green in detaining him until his court appearance on February 9, 2017.

Plaintiff's claim against Defendant Holt is also subject to dismissal. Plaintiff's only claim against Defendant Holt is based on her response to Plaintiff's grievance about him being picked up from Pulaski County and transported back to the BCDC. As noted above,

these actions were done pursuant to court order. Further, no valid claim is stated based on Defendant Holt's response to Plaintiff's grievance. "[P]risoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Johnson v. Avery*, 393 U.S. 483 (1969)). However, it is well settled that inmates have no substantive constitutional right in detention center officials following grievance procedures. *See e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no constitutional violation in failing to process all of the grievances submitted by a prisoner); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow state law or prison regulations). Plaintiff's constitutional right of access to the courts was not impinged by Defendant Holt's actions as is demonstrated by Plaintiff's filing of this action. Plaintiff has not stated a claim of constitutional dimension against Defendant Holt.

Finally, Plaintiff's claims against Defendant Guenther, Defendant Cogdill, and Defendant Johnston are subject to dismissal. A period of wrongful detention may violate the Due Process Clause of the Fourteenth Amendment. *See, e.g., Lund v. Hennepin County*, 427 F.3d 1123, 1125 (8th Cir. 2005). "Deliberate indifference to prisoner welfare may sufficiently shock the conscience to amount to a substantive due process violation." *Hayes v. Faulkner Cty.*, 388 F.3d 669, 674 (8th Cir. 2004). In this case, there are no allegations sufficient to suggest the conduct of Defendant Guenther, Defendant Cogdill, or Defendant Johnston was sufficiently egregious to shock the conscience. Instead, Plaintiff alleges that the officers represented that he would be transported back to Pulaski County as soon as transport could be arranged. Further, Plaintiff alleges that as soon as

it was recognized that the ADC hold was incorrect, it was removed from Plaintiff's record. There is no suggestion that the mistaken understanding that there was an ADC hold against the Plaintiff substantially contributed to any delay in transporting him back to Pulaski County. Plaintiff appeared in court on Thursday, February 9, 2017, and was returned to Pulaski County on Tuesday, February 14, 2017. This length of detention does not show deliberate indifference on the part of these Defendants, and their conduct certainly does not shock the conscience. The claims against Defendant Guenther, Defendant Cogdill, and Defendant Johnston are subject to dismissal for failure to state a claim.

Plaintiff has also asserted an official-capacity claim. In order to "make out a case of municipal liability against the County, [Plaintiff] must show that his constitutional injury was caused by a policy or custom of the municipality, the implementation of which amounted to deliberate indifference to his constitutional rights." *Lund*, 427 F. 3d at 1125. Plaintiff has not alleged the existence of any policy or custom on the part of Benton County that resulted in his alleged wrongful detention or constituted deliberate indifference to his constitutional rights. Plaintiff's official-capacity claims are subject to dismissal.

### III. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. Therefore, therefore this case is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to enter a § 1915(g) strike flag on this case.

**IT IS SO ORDERED** on this 12th day of September 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE